IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

ALEXIS JONES-MCDANIEL, as          :
Personal Representative for the    :
Estate of Jailyn Lawrence Jones,
et al.                             :

    v.                             :   Civil Action No. DKC 24-3075

                                   :
BOARD OF EDUCATION OF MONTGOMERY
COUNTY, et al.                     :

                          **MEMORANDUM OPINION**

    Defendant Montgomery County, Maryland ("County"), filed a motion to seal its motion to dismiss with the consent of Plaintiff. (ECF No. 26). Plaintiff then filed her response under seal but did not move to seal it. (ECF No. 28). For the following reasons, the motion to seal will be granted only in part and Defendant will be directed to file a redacted motion on the public docket. In addition, Plaintiff's opposition to the County's motion will be unsealed.

    The United States Court of Appeals for the Fourth Circuit has explained:

> It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n. 17, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 428 (4th Cir. 2005).

> The right of public access springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). "The distinction between the rights of access afforded by the common law and the First Amendment is significant, because the common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment." *In re United States for an Order Pursuant to 18 U.S.C. Section 2703*, 707 F.3d 283, 290 (4th Cir. 2013) (quoting *Va. Dep't of State Police*, 386 F.3d at 575) (internal quotation marks omitted). The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that "countervailing interests heavily outweigh the public interests in access." *Rushford* [*v. New Yorker Mag., Inc.*], 846 F.2d [249,] 253 [(4th Cir. 1998)]. By contrast, the First Amendment secures a right of access "only to particular judicial records and documents," *Stone* [*v. Univ. of Md. Med. Sys. Corp.*], 855 F.2d [178,] 180 [(4th Cir. 1998)], and, when it applies, access may be restricted only if closure is "necessitated by a compelling government interest" and the denial of access is "narrowly tailored to serve that interest," *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986) (quoting *Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 510, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984) (internal quotation marks omitted)).

*Doe v. Pub. Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014). The *Public Citizen* court further explained that:

> When presented with a motion to seal, the law in this Circuit requires a judicial officer to comply with the following procedural requirements: (1) provide public notice of the sealing request and a reasonable opportunity for the public to voice objections

>   to the motion; (2) consider less drastic
>   alternatives to closure; and (3) if it
>   determines that full access is not necessary,
>   it must state its reasons—with specific
>   findings—supporting closure and its
>   rejections of less drastic alternatives.

*Id.* at 272 (citing *In re Knight Pub. Co.*, 743 F.2d 231, 234–35 (4th Cir. 1984)); *see also Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).  Additionally, Local Rule 105.11 requires the party seeking sealing to provide "(a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."

The County states that the complaint references an Extreme Risk Protection Order ("ERPO") filed by the Montgomery County Department of Police against Plaintiff Jones-McDaniel.  Pursuant to Md. Code Ann., Public Safety § 5-602(c)(1), "[a]ll court records relating to a petition for an extreme risk protective order made under this subtitle are confidential and the contents may not be divulged, by subpoena or otherwise, except by order of the court on good cause shown."  The County further contends that it filed a motion for good cause shown on November 25, 2024, which Plaintiff consented to on December 3, 2024, with the District Court of Maryland for Montgomery County.  (ECF No. 26, at 2).  The district court granted the County's motion on December 3, 2024, ordering that the County was "permitted to produce and file under seal

3

Emergency Risk Protective Order court records from ERPO matter D-06-FM-22-000136 and the content of such records" in the present proceeding.  (ECF No. 22-1).

There is a logical and easy alternative to sealing the entire motion, namely, redacting any reference to the contents of the ERPO records and sealing the ERPO records attached as exhibits to the County's motion.  (*See* ECF Nos. 25-2, 25-3, 25-4, 25-5, 25-6, 25-7, 25-8).  Accordingly, the County's motion to seal its motion to dismiss will be granted in part, as it relates to the ERPO records attached as exhibits.  The County will be given fourteen days in which to file an appropriately redacted version of its motion to dismiss.

Plaintiff's opposition, however, does not contain the ERPO records or discuss the contents of them in the same way the County's motion does.  Thus, Plaintiff's opposition (ECF No. 28) will be unsealed.

A separate order will follow.

                                                 /s/
                                DEBORAH K. CHASANOW
                                United States District Judge